**UNITED STATES, Appellee,**

v.

**Specialist Four Maurice T. MEYERS SSN 553–02–9911, United States Army, Appellant.**

**CM 441921.**

U. S. Army Court of Military Review.

20 Sept. 1982.

Captain Paul J. Moriarty, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adam-kewicz, Jr., JAGC, and Captain David M. England, JAGC.

Captain Mark S. Julius, JAGC, argued the cause for the appellee. With him on the brief were Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Michael R. Smythers, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of possession, transfer and sale of hashish, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His approved sentence provides for confinement at hard labor for two years, forfeiture of $250.00 pay per month for twenty-four months, and reduction to Private E–1.

The appellant has assigned five errors, of which two merit discussion. He contends that the military judge erred by admitting a prior consistent statement by the principal government witness, and that the trial counsel's argument on findings was so improper as to deny the appellant due process. We find both contentions without merit and affirm the findings and sentence.

The prosecution's case rested primarily on the testimony of a covert military police investigator, Specialist Four Nurse. Nurse testified that on 29 April 1981, he and a confidential informant were walking along a street in Leighton Barracks when the appellant drove by and called out to the informant. The informant approached the appellant and asked if the appellant "had anything." The informant and Nurse then entered the appellant's automobile and drove to a nearby parking lot where the appellant produced a plastic bag containing seventy-two pieces of hashish. Nurse purchased four pieces for $80.00 and then offered to buy the remainder for a total of $1440.00. Because Nurse did not have sufficient money with him, he arranged to meet the appellant at an enlisted club later

that day. However, the appellant failed to appear at the agreed time.

Specialist Nurse further testified that he encountered the appellant again on 6 May, when the appellant apologized for not showing up on the evening of 29 April, and explained that he did not appear because he feared that Nurse was a military policeman.

On cross-examination the defense questioned Nurse about a written pretrial statement which Nurse had made. It is that statement that the appellant now contends was erroneously admitted. During his cross-examination the individual defense counsel implied that Nurse had no independent recollection of the date on which he and the appellant had first met but was relying on his prior statement, and that Nurse had so many ongoing investigations that he had mixed up the details of this case with others.

The appellant denied any contact with Nurse and the informant on 29 April. He testified that he met Nurse for the first time on 4 May but that no sale of hashish occurred.

■ The prosecution offered Nurse's prior statement as a prior consistent statement, but the military judge initially declined to admit it. However, after the court closed to deliberate on findings a court member asked to see the statement. The military judge reconsidered his prior ruling and admitted it. We hold that the military judge ruled correctly. The thrust of the defense was to discredit Nurse by showing that he had mixed up the facts of this case with others but was so determined to make a good impression as an investigator that he was willing to make positive statements under oath about the date of a drug sale and the identity of the seller even though he had no independent recollection of the event. The defense's cross-examination and argument clearly raised issues of fabrication and improper motive as contemplated by Mil. R. Evid. 801(d)(1)(B).

We note that the defense also implied, in both cross-examination and argument, that Nurse may have made a drug purchase on 29 April but from someone other than the appellant. Accordingly, Nurse's prior statement also was admissible as a statement of identification under Mil. R. Evid. 801(d)(1)(C).

■ The defense also contends that the appellant was prejudiced by the trial counsel's injection of personal opinion into her argument on findings. We hold that the trial counsel's argument was improper but not prejudicial.

The appellant focuses on two statements by the trial counsel. First, referring to Nurse's testimony, she argued, "I am sure you can see that this witness is not going to be inaccurate and lie." Later she summarized by stating,

I think that when you look back to Specialist Nurse's testimony today, to the lab report, the chain of custody, to the fact that the statement was made on the same night that there is no mistaking that day, there's no mistaking that person and there's no mistaking that amount. And that you will come back with a conviction on all specifications and charges. Thank you.

The individual defense counsel made no objection to her argument. The individual defense counsel also argued in the first person, repeatedly using the words "I suggest" and "I am suggesting" in his analysis of the evidence.

■ We believe that the trial counsel's argument was improper. *See* ABA Standards for Criminal Justice: The Prosecution Function § 3–5.8 (2d ed. 1980). However, failure to object to improper argument normally constitutes a waiver. *United States v. Tanksley,* 7 M.J. 573 (A.C.M.R.1979), *aff'd,* 10 M.J. 180 (C.M.A.1980). Her argument, though improper, was much less egregious than the argument condemned in *United States v. Knickerbocker,* 2 M.J. 128 (C.M.A.1977), relied upon by the appellant, in which the Court of Military Appeals declined to apply waiver. Contrary to the appellant's assertion, the trial counsel did not purport to vouch for Nurse's credibility. She drew the court's attention to the evidence of record and then articulated her

confidence that the court members would interpret the evidence as she saw it and would vote for conviction. We find no reasonable likelihood of prejudice from her argument. *See United States v. Tanksley, supra.*

We find the remaining assignments of error without merit.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge WERNER concur.